IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10-cv-765 |
| | ) | (GBL/TRJ) |
| ISHMAEL JONES (a pen name), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S
MOTION FOR SUMMARY JUDGMENT AS TO THE REMEDY**

Defendant, Ishmael Jones ("Mr. Jones"), files this Opposition to the Government's Motion for Summary Judgment as to the Remedy.

**INTRODUCTION**

The Government's Motion should be denied for two reasons. First, the Government has not proven its entitlement to a constructive trust or an injunction because it has not put forward any admissible evidence justifying its entitlement to such relief. Second, the Government's requested injunction is overbroad, unnecessary, and would represent an improper prior restraint on Mr. Jones's First Amendment Rights.

**ARGUMENT**

**A.   The Government Has Not Submitted Admissible Evidence Sufficient to Support the Imposition of a Constructive Trust or An Injunction**

The Government claims that it is "uncontroverted that [it] has been irreparably harmed by Jones' publication…" (D.N. 71, p.1.) That assertion is unsupported and more

than a bit disingenuous given that the Government sought and obtained an order preventing Mr. Jones from obtaining any discovery.

The Government's reliance on the declaration of Mary Ellen Cole, an unknown CIA employee who Mr. Jones was not permitted to depose, is not enough to justify the imposition of an injunction or a constructive trust. Without Ms. Cole's inadmissible testimony, there is nothing for Mr. Jones to controvert. Put simply, the Government has failed to present a *prima facie* case to justify the relief it seeks.

"Virginia law…requires that a constructive trust be established through clear and convincing evidence…" *In re Wells*, 296 B.R. 728, 733 (Bankr. E.D. Va. 2003) (citing *Sutton v. Sutton,* 194 Va. 179, 185, 72 S.E.2d 275 (1952)). An injunction requires proof that (i) the Government has suffered irreparable injury; (ii) the Government does not have an adequate remedy at law; (iii) the balance of equities tips in favor of the Government; and (iv) the public interest would not be harmed by the imposition of a permanent injunction. *eBay, Inc. v. MercExchange*, 547 U.S. 388, 391 (2006).

The Government attaches as Exhibits or relies upon the following:

- Mr. Jones's Objections and Answers to Plaintiff United States' First Set of Interrogatories.

- A copy of the Order entered by the U.S. District Court in *United States v. Snepp*, Civ. Action No. 78-92-A (E.D. Va. 1978)

- Declarations of Mary Ellen Cole (Dkt. No. 14-1; Dkt No. 33-1).

Not one of these items provides sufficient evidence for the Government to obtain a constructive trust or an injunction.

The Declarations of Mary Ellen Cole (the "Declarations"), most notably, are not admissible and they do not meet the standards for affidavits under Rule 56 of the Federal Rules of Civil Procedure.  Specifically, Rule 56 requires testimony based on personal knowledge and that "[a]n affidavit or declaration used to support…a motion…set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(d).

The Cole Declarations cannot be based on her personal knowledge and they offer only Ms. Cole's non-expert opinions regarding the impact of Mr. Jones's publication on the CIA.  Her opinions are not facts.  Rather, they are classic out-of-court statements relied upon by the Government to prove the truth of the matter asserted by a witness who has not even been established as competent to testify about such matters (i.e., that the Government is negatively impacted by publication without approval).

Ms. Cole was never tendered or qualified as an expert in anything.  Even if she were tendered as an expert, Ms. Cole's competence to testify regarding the impact of unauthorized disclosures has not been established.  She is an "Information Review Officer" for the CIA and has held that position only since 2010. D.N. 14-1.  In that capacity, Ms. Cole reviews documents for the CIA to ensure that the release of information is proper.  *Id*.  Her ability to testify as to the impact of publication outside of the review process is not addressed in the declaration and Mr. Jones has not been given an opportunity to examine her.

Mr. Jones' interrogatory responses (the "Responses") do not support the imposition of a constructive trust or an injunction.  His Responses discuss only those profits that the Government does not seek to impose a constructive trust against.  In short,

3

the Government's proofs do not come remotely close to meeting the clear and convincing evidentiary standard necessary to support the imposition of a constructive trust or an injunction.

**B.     The Permanent Injunction Sought by the Government is Overbroad, Unnecessary, and an Improper Prior Restraint**

   **I.     The Injunction is Unnecessary and an Improper Prior Restraint**

The Government not only seeks a permanent injunction related to Mr. Jones's publication of his book, it seeks to enjoin him from breaching his secrecy agreement at any time in the future – no matter whether such breach relates to his book or other future publications.  The requested injunction would be an improper prior restraint on Mr. Jones's First Amendment Rights.

Sufficient restraints remain in place to prevent any future violations.  The Secrecy Agreement remains in effect as a prior restraint.  Further, the availability and threat of criminal prosecution is ever present and would guide both Mr. Jones's and the Government's actions in the future.  Considering this, along with the general constitutional disfavor of prior restraints, there is no need for the imposition of a permanent injunction in this action.

Although "[p]rior restraints are not unconstitutional per se…[, they] [bear] a heavy presumption against…constitutional validity.'" *Se. Promotions, Ltd. v. Conrad*, 420 U.S. 546, 558 (1975) (citations omitted).

> The thread running through all these cases is that prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights.  A criminal penalty or a judgment in a defamation case is subject to the whole panoply of protections afforded by deferring the impact of the judgment until all avenues of

4

> appellate review have been exhausted.  Only after judgment has become final, correct or otherwise, does the law's sanction become fully operative.
>
> A prior restraint, by contrast and by definition, has an immediate and irreversible sanction.  If it can be said that a threat of criminal or civil sanctions after publication 'chills' speech, prior restraint "freezes" it at least for the time.

*Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976).

The Court should follow the teachings of these cases.  Although the injunction obtained in *Snepp* was ultimately upheld as constitutional, this case differs markedly.  Mr. Jones, unlike the agents in *Snepp* and *Marchetti*, attempted to obtain the appropriate authorizations before publishing his book.  It was only after 18 months of trying, when the CIA failed to authorize publication of virtually anything he wrote, and then refused to give him a final ruling on his appeal, that he published his book without authorization.  No evidence has been provided to indicate that this action was anything but an isolated incident.  In fact, Mr. Jones has continued to publish articles since his book was released and has done so by following the procedures required of him by his Secrecy Agreement.  Moreover, *there is no evidence that he has ever published even a single word of classified information.*

The Supreme Court refused to enjoin the New York Times and Washington Post from publishing the Pentagon Papers at the height of the Vietnam war.  *New York Times Co. v. United States*, 403 U.S. 713 (1971).  In that case, there was no dispute that Daniel Ellsberg leaked Top Secret information to the press.  Here, by contrast, there is no evidence that Mr. Jones disclosed *any* classified information in his book.  There is no justification for an additional and unnecessary prior restraint on this record.

## II.     The Proposed Injunction is Overbroad

The Government seeks the imposition of a permanent injunction that would extend not only to Mr. Jones, but to his "assigns, agents, servants, employees, and attorneys, and those persons in active concert or participation with him…" This means that the Government not only seeks an injunction against Mr. Jones, but an injunction enforceable against his counsel, his literary agents, and the company that published his book.  Surprisingly, the Government seeks such a broad injunction despite having failed to join any of these necessary parties as co-defendants in this action.  The breadth of the proposed injunction is completely inappropriate and the Court lacks the power to enjoin people and entities not part of this action.  If the Court should choose to impose a permanent injunction, it should be limited to Mr. Jones alone.[1]

Dated:  March 20, 2012                    Respectfully submitted,

ISHMAEL JONES

    /s/
Laurin H. Mills (VSB No. 79848)
C. Matthew Haynes (VSB No. 77896)
LECLAIRRYAN
2318 Mill Road, Suite 1100
Alexandria, Virginia  22314
Telephone:  (703) 647-5903
Facsimile:   (703) 647-5959
laurin.mills@leclairryan.com
matthew.haynes@leclairryan.com

*Counsel for Defendant Ishmael Jones*

---

[1] Mr. Jones acknowledges that the injunction entered by the lower court in *Snepp* and ultimately upheld by the Supreme Court included similar language used by the Government here.  The breadth of the original order, however, was not challenged on appeal and should not be mirrored in this action.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of March, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the parties listed below:

>Kevin J. Mikolashek
>United States Attorney's Office
>2100 Jamieson Avenue
>Alexandria, Virginia 22314
>*Counsel for Plaintiff United States*
>*of America*


>\_\_\_/s/ _____
>C. Matthew Haynes (VSB No. 77896)
>LECLAIRRYAN, A Professional Corporation
>2318 Mill Road, Suite 1100
>Alexandria, Virginia  22314
>Telephone:  (703) 647-5919
>Facsimile:   (703) 647-5989
>matthew.haynes@leclairryan.com
>*Counsel for Defendant Ishmael Jones*